IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 3, 2025

**IN RE TAMIRIA M.**

**Appeal from the Juvenile Court for Knox County**
**No. 28971       Timothy E. Irwin, Judge**

---

**No. E2025-00318-COA-R3-PT**

---

A mother appeals a juvenile court's order terminating her parental rights to her two children. We affirm the juvenile court's decision that clear and convincing evidence established the existence of two statutory grounds for termination. Because the juvenile court's order failed to make sufficient factual findings to support its best interest analysis, we vacate that portion of the court's decision and remand for entry of an order making sufficient factual findings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed in Part, Vacated in Part, and Remanded**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which THOMAS R. FRIERSON, II, and CARMA DENNIS MCGEE, JJ., joined.

Mary Ward, Knoxville, Tennessee, for the appellant, Ty'Angela M.

Jonathan Skrmetti, Attorney General and Reporter, and Katherine P. Adams, Assistant Attorney General, for the appellee, Tennessee Department of Children's Services.

**OPINION**

FACTUAL AND PROCEDURAL BACKGROUND

This appeal involves the termination of the parental rights of Ty'Angela M. ("Mother") to her two children, Tamiria M. (born in 2010) and Anthony E., Jr. (born in

2018).[1] In September 2021, when Anthony was two years old, Mother intentionally hit him in the face with a piece of shelving, leaving him permanently disfigured. Mother called 911 and admitted to hitting Anthony. She pled guilty to aggravated assault in June 2022 and was sentenced to six years' imprisonment, twelve months of which were to be served in prison and the remainder on supervised probation.[2]

On October 5, 2021, shortly after Mother assaulted Anthony, the Tennessee Department of Children's Services ("DCS" or "the Department") filed a dependency and neglect petition in juvenile court requesting that the children "be immediately placed in emergency shelter care." The Department alleged that the children were dependent and neglected due to Mother's improper care, her physical abuse of Anthony, and her unresolved mental health issues. The juvenile court entered an order on October 7, 2021, placing the children in DCS's custody. Approximately a year and a half later, on January 9, 2023, the juvenile court adjudicated the children dependent and neglected due to Mother's inability to provide appropriate care, her incarceration, and her assault of Anthony. The court expressly found that Mother committed severe child abuse against Anthony when she permanently disfigured him by striking him in the face.

After the children were removed from Mother's custody, DCS developed four permanency plans that required Mother to: complete anger management education; take medication as prescribed; complete a psychological assessment and follow all recommendations; complete an alcohol and drug assessment and follow all recommendations; submit to and pass random drug screens; visit the children; maintain appropriate housing, employment, and transportation and provide proof of such; pay child support; and complete parenting education classes. Mother took advantage of several of the services offered by DCS and was able to complete some of the permanency plans' requirements.

On January 31, 2024, DCS filed a petition to terminate Mother's parental rights. After a three-day trial, the trial court entered an order on February 25, 2025, terminating Mother's parental rights. The trial court concluded that DCS proved two termination grounds by clear and convincing evidence: (1) severe child abuse pursuant to Tenn. Code Ann. § 36-1-113(g)(4) and (2) incarceration under a sentence of six or more years pursuant to Tenn. Code Ann. § 36-1-113(g)(6). The court then concluded that there was clear and convincing evidence that termination of Mother's parental rights was in the children's best interest.

---

[1] Tiree S. is Tamiria's biological father, and Anthony E., Sr. is Anthony's biological father. The Department of Children's Services sought termination of the fathers' parental rights in separate proceedings, and neither father's parental rights are at issue in this appeal.

[2] Mother ultimately served only eight months in prison because she "completed programs while . . . incarcerated," and she remained on probation at the time of the termination trial.

Mother timely appealed and presents the following issue for our review: whether the trial court erred in finding that there was clear and convincing evidence that termination was in the children's best interest.

STANDARD OF REVIEW

Under both the federal and state constitutions, a parent has a fundamental right to the care, custody, and control of his or her own child. *Stanley v. Illinois*, 405 U.S. 645, 651 (1972); *In re Angela E.*, 303 S.W.3d 240, 250 (Tenn. 2010) (citing *Troxel v. Granville*, 530 U.S. 57, 65 (2000)); *Nash-Putnam v. McCloud*, 921 S.W.2d 170, 174-75 (Tenn. 1996) (citing *Nale v. Robertson*, 871 S.W.2d 674, 678 (Tenn. 1994)). Although this right is fundamental, it is not absolute and may be terminated in certain situations. *In re Angela E.*, 303 S.W.3d at 250. Our legislature has identified "'those situations in which the state's interest in the welfare of a child justifies interference with a parent's constitutional rights by setting forth grounds on which termination proceedings can be brought.'" *In re Jacobe M.J.*, 434 S.W.3d 565, 568 (Tenn. Ct. App. 2013) (quoting *In re W.B., IV.*, Nos. M2004-00999-COA-R3-PT, M2004-01572-COA-R3-PT, 2005 WL 1021618, at *7 (Tenn. Ct. App. Apr. 29, 2005)).

Tennessee Code Annotated section 36-1-113 provides the grounds and procedures for terminating parental rights. First, a petitioner seeking to terminate parental rights must prove that at least one ground for termination exists. Tenn. Code Ann. § 36-1-113(c)(1); *In re Angela E.*, 303 S.W.3d at 251. Second, a petitioner must prove that terminating parental rights is in the child's best interest. Tenn. Code Ann. § 36-1-113(c)(2); *In re Valentine*, 79 S.W.3d 539, 546 (Tenn. 2002).

The termination of a parent's rights is one of the most serious decisions courts make because "[t]erminating parental rights has the legal effect of reducing the parent to the role of a complete stranger," *In re W.B., IV*, 2005 WL 1021618, at *6, "and of 'severing forever all legal rights and obligations of the parent or guardian.'" *Id.* (quoting Tenn. Code Ann. § 36-1-113(l)(1)). Consequently, a parent has a constitutional right to fundamentally fair procedures during termination proceedings. *In re Hannah C.*, No. M2016-02052-COA-R3-PT, 2018 WL 558522, at *2 (Tenn. Ct. App. Jan. 24, 2018) (citing *In re Carrington H.*, 483 S.W.3d 507, 522 (Tenn. 2016)).

Tennessee law ensures fundamental fairness in termination proceedings by requiring a heightened standard of proof—clear and convincing evidence. *See* Tenn. Code Ann. § 36-1-113(c)(1); *In re Carrington H.*, 483 S.W.3d at 522. Before a parent's rights may be terminated, a petitioner must prove both the grounds and the child's best interest by clear and convincing evidence. Tenn. Code Ann. § 36-1-113(c); *In re Valentine*, 79 S.W.3d at 546. "Clear and convincing evidence 'establishes that the truth of the facts asserted is highly probable, and eliminates any serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" *In re Serenity B.*, No. M2013-

02685-COA-R3-PT, 2014 WL 2168553, at *2 (Tenn. Ct. App. May 21, 2014) (quoting *In re M.J.B.*, 140 S.W.3d 643, 653 (Tenn. Ct. App. 2004)).

We review the trial court's findings of fact de novo with a presumption of correctness unless the evidence preponderates otherwise. TENN. R. APP. P. 13(d); *In re Serenity B.*, 2014 WL 2168553, at *2. In light of the heightened standard of proof, we must then make our own determination "as to whether the facts, either as found by the trial court or as supported by a preponderance of the evidence, amount to clear and convincing evidence of the elements necessary to terminate parental rights." *In re Carrington H.*, 483 S.W.3d at 524 (citing *In re Bernard T.*, 319 S.W.3d 586, 596-97 (Tenn. 2010)).

ANALYSIS

I.      Termination grounds[3]

    a. Severe child abuse

The trial court determined that clear and convincing evidence established that Mother's parental rights should be terminated pursuant to Tenn. Code Ann. § 36-1-113(g)(4),[4] which provides, in pertinent part:

> The parent . . . has been found to have committed severe child abuse, as defined in § 37-1-102, under any prior order of a court or is found by the court hearing the petition to terminate parental rights or the petition for adoption to have committed severe child abuse against any child[.]

Relevant here, Tenn. Code Ann. § 37-1-102(b)(27)(A)(i) defines "severe child abuse" as "[t]he knowing exposure of a child to or the knowing failure to protect a child from abuse or neglect that is likely to cause serious bodily injury or death and the knowing use of force on a child that is likely to cause serious bodily injury or death."

The Department entered into evidence the January 9, 2023 order adjudicating the children dependent and neglected and finding that Anthony was the victim of severe child

---

[3]Although Mother does not challenge either termination ground found by the trial court, we must follow our Supreme Court's directive to analyze all termination grounds found by the trial court. *See In re Carrington H.*, 483 S.W.3d at 525-26 ("[T]he Court of Appeals must review the trial court's findings as to each ground for termination . . ., regardless of whether the parent challenges these findings on appeal.").

[4] Unless otherwise noted, all citations to any section within Tenn. Code Ann. §§ 36-1-113 and 36-1-102 shall be made in reference to the version that was effective on the date the termination petition was filed. *See, e.g., In re Zakary O.*, No. E2022-01062-COA-R3-PT, 2023 WL 5215385, at *4 n.6 (Tenn. Ct. App. Aug. 15, 2023).

abuse as defined above. In the January 9, 2023 order, the court found that Mother knowingly perpetrated the severe abuse because she admitted "that she did strike her minor child in the head with an object . . . resulting in permanent disfigurement of the minor child." This Court has repeatedly "applied the doctrine of *res judicata*[5] to prevent a parent from re-litigating whether she committed severe child abuse in a later termination of parental rights proceeding, when such a finding had been made in a previous dependency and neglect action." *In re Heaven L.F.*, 311 S.W.3d 435, 439 (Tenn. Ct. App. 2010); *see also In re Sawyer B.*, No. E2023-01497-COA-R3-PT, 2025 WL 1276693, at *7 (Tenn. Ct. App. May 2, 2025). Mother did not appeal the January 9, 2023 order, and it is final. The doctrine of res judicata, therefore, applies to this ground. We affirm the trial court's conclusion that DCS established this termination ground by clear and convincing evidence.

### b. Incarceration under a sentence of six or more years

The trial court also terminated Mother's parental rights pursuant to Tenn. Code Ann. § 36-1-113(g)(6)(B). This termination ground applies if "[t]he parent has been confined in a correctional or detention facility of any type, by order of the court as a result of one (1) or more criminal acts, under a sentence of six (6) or more years, and one (1) or more other grounds within this subsection (g) have been satisfied." Tenn. Code Ann. § 36-1-113(g)(6)(B).

After permanently disfiguring Anthony by hitting him in the face with a piece of shelving, Mother was arrested and charged with aggravated assault, a Class C felony under Tenn. Code Ann. § 39-13-102. The Department entered into evidence a June 30, 2022 judgment from the Criminal Court of Knox County stating that Mother pled guilty to the charge and sentencing her to six years of confinement in the Tennessee Department of Corrections. Mother was released on probation after only eight months in prison, but that fact is irrelevant to establishing this ground. *See In re Adoption of K.B.H.*, 206 S.W.3d 80, 84-85 (Tenn. Ct. App. 2006) (rejecting a father's argument that the possibility of parole should prevent application of a similar ground for termination, now found in Tenn. Code Ann. § 36-1-113(g)(6)(A), because the statute is silent on that issue).[6] What matters is that Mother was confined in a correctional facility by a court order for a criminal act "under a sentence of six (6) or more years." Tenn. Code Ann. § 36-1-113(g)(6)(B). *See In re Adoption of Copeland*, 43 S.W.3d 483, 489 (Tenn. Ct. App. 2000) ("The statute is silent as

---

[5] The doctrine of res judicata applies if "an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions and facts in issue as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction." *Galbreath v. Harris*, 811 S.W.2d 88, 90 (Tenn. Ct. App. 1990).

[6] A parent's parental rights may be terminated under Tenn. Code Ann. § 36-1-113(g)(6)(A) if "[t]he parent has been confined in a correctional or detention facility of any type, by order of the court as a result of a criminal act, under a sentence of ten (10) or more years, and the child is under eight (8) years of age at the time the sentence is entered by the court."

to the possibility of parole, and we decline to read any intent on the part of the legislature to account for a mere possibility of early discharge from prison."). Furthermore, as discussed above, another termination ground was satisfied—severe child abuse.

Because both requirements of Tenn. Code Ann. § 36-1-113(g)(6)(B) have been satisfied, we conclude that the trial court properly terminated Mother's parental rights pursuant to this termination ground.

## II. Best interest

Having determined that clear and convincing evidence of at least one statutory ground exists to terminate Mother's parental rights, we must next consider whether the trial court properly determined that termination of Mother's parental rights was in the best interest of the children. *See* Tenn. Code Ann. § 36-1-113(c)(2); *In re Audrey S.*, 182 S.W.3d 838, 860 (Tenn. Ct. App. 2005). After a court finds that clear and convincing evidence exists to support a ground for termination, the child's interests diverge from those of the parent and the court focuses on the child's best interests. *In re Audrey S.*, 182 S.W.3d at 877. A court must view the child's best interest from the perspective of the child, not that of the parent. *Id.* at 878. A finding that at least one ground for termination of parental rights exists does not necessarily require that a parent's rights be terminated. *Id.* at 877. Because some parental misconduct is redeemable, our termination of parental rights statutes recognize that "terminating an unfit parent's parental rights is not always in the child's best interests." *Id.*

When examining the best interest of the children in the termination of parental rights context, we are directed by statute to consider the nonexclusive factors listed in Tenn. Code Ann. § 36-1-113(i)(1). The statute enumerates factors that the court "shall consider," *In re Angela E.*, 303 S.W.3d at 251, but a court is not required to find that each of the enumerated factors exists before concluding that it is in the best interest of the child to terminate a parent's rights. *In re M.A.R.*, 183 S.W.3d 652, 667 (Tenn. Ct. App. 2005). The statute similarly does not call for a mechanical determination of each of the statute's factors; rather, the relevancy and weight of each factor will be unique to each case. *In re Marr*, 194 S.W.3d 490, 499 (Tenn. Ct. App. 2005). Therefore, in certain circumstances, the consideration of one factor may be determinative. *Id.* (citing *In re Audrey S.*, 182 S.W.3d at 878). However, this possibility does not relieve a court of its duty to consider each factor and, even in cases where one factor is outcome-determinative, the court must consider all factors and relevant proof that a party offers. *In re Gabriella D.*, 531 S.W.3d 662, 682 (Tenn. 2017). Because "there exists a significant overlap between some factors," they may be discussed by groups "based on the[ir] overarching themes." *In re Chayson D.*, 720 S.W.3d 123, 144 (Tenn. Ct. App. 2023).

The facts a court considers in its best interest analysis must be proven by "a preponderance of the evidence, not by clear and convincing evidence." *In re Kaliyah S.*,

455 S.W.3d 533, 555 (Tenn. Ct. App. Tenn. 2015). Once a court makes the underlying factual findings, it should "consider the combined weight of those facts to determine whether they amount to clear and convincing evidence that termination is in the child's best interest." *Id.*

In termination cases, Tenn. Code Ann. § 36-1-113(k) requires a trial court to "enter an order that makes *specific findings of fact and conclusions of law* within thirty (30) days of the conclusion of the hearing." (Emphasis added). If the trial court's order lacks sufficient findings of fact, "an appellate court cannot conduct a de novo review and the case must be remanded for the trial court to enter sufficient findings of fact and conclusions of law." *In re Bentley E.*, 703 S.W.3d 298, 303 (Tenn. 2024).

Here, the trial court's best interest analysis is insufficient. The trial court's order includes the following language regarding the best interest determination:

> 20. The Court finds that, after having found that grounds exist to terminate the parental rights of [Mother], the Court must then analyze whether or not it is in the children's best interest for termination to be granted. The Court further finds that the nonexclusive list of best interest factors which the Court must consider are contained in Tennessee Code Annotated § 36-1-113(i).
> 21. The Court finds that the best interest factor contained in T.C.A. § 36-1-113(i)(1)(A) is applicable in this matter. Thus, the Court finds it is in the best interest of the minor children for termination to be granted as to [Mother], in that termination of parental rights will have a positive impact on the children's critical need for stability and continuity of placement throughout the children's minority. The children are placed in a legal risk home and have a critical need for stability and continuity of placement. Thus, the Court finds that this factor weighs in favor of terminating [Mother's] parental rights.
> 22. The Court finds that the best interest factor contained in T.C.A. § 36-1-113(i)(1)(B) is applicable in this matter. Thus, the Court finds that it is in the children's best interest for termination to be granted as to [Mother], in that a change of caregivers and physical environment from the children's current placement would likely have a negative effect on the children's emotional, psychological and/or medical condition. The children need the permanency and guarantee of the home they are in. Thus, the Court finds that this factor weighs in favor of terminating [Mother's] parental rights.
> 23. The Court finds that the best interest factor contained in T.C.A. § 36-1-113(i)(1)(C) is applicable in this matter. Thus, the Court finds that it is in the children's best interest for termination to be granted as to [Mother], in that she has not demonstrated continuity and stability in meeting the children's basic material, educational, housing and safety needs. While [Mother] has shown progress, she has not demonstrated continuity and stability in meeting

the children's needs. Thus, the Court finds that this factor weighs in favor of terminating [Mother's] parental rights.

24. The Court finds that the best interest factor contained in T.C.A. § 36-1-113(i)(1)(D) does not weigh in favor of termination.

25. The Court finds that the best interest factor contained in T.C.A. § 36-1-113(i)(1)(E) does not weigh in favor of termination.

26. The Court finds that the best interest factor contained in T.C.A. § 36-1-113(i)(1)(F) does not weigh in favor of termination.

27. The Court finds that the best interest factor contained in T.C.A. § 36-1-113(i)(1)(G) does not weigh in favor of termination.

28. The Court finds that the best interest factor contained in T.C.A. § 36-1-113(i)(1)(H) is applicable in this matter. Thus, the Court finds that it is in the children's best interest for termination to be granted as to [Mother], because the children have created a healthy parental attachment with another person or persons in the absence of the parents. The children have a healthy parental attachment with the foster parents. Thus, the Court finds that this factor weighs in favor of terminating [Mother's] parental rights.

29. The Court finds that the best interest factor contained in T.C.A. § 36-1-113(i)(1)(I) is applicable in this matter. Thus, the Court finds that it is in the children's best interest for termination to be granted as to [Mother], because the children have emotionally significant relationships with persons other than parents and caregivers, including biological or foster siblings, and will not negative[ly] impact the children's access to information about the children's heritage. The children have emotionally significant relationships with the foster parents. Thus, the Court finds that this factor weighs in favor of terminating [Mother's] parental rights.

30. The Court finds that the best interest factor contained in T.C.A. § 36-1-113(i)(1)(J) does not weigh in favor of termination.

31. The Court finds that the best interest factor contained in T.C.A. § 36-1-113(i)(1)(K) is applicable in this matter. Thus, the Court finds that it is in the children's best interest for termination to be granted as to [Mother], because the parents have not taken advantage of available programs, services, or community resources to assist him/her/them in making a lasting adjustment of circumstances, conduct and/ or conditions. While [Mother] is on her way towards an adjustment of circumstances, the Court cannot conclude that the adjustment is lasting. Thus, the Court finds that this factor weighs in favor of terminating [Mother's] parental rights.

32. The Court finds that the best interest factor contained in T.C.A. § 36-1-113(i)(1)(L) is applicable in this matter. Thus, the Court finds that it is in the children's best interest for termination to be granted as to [Mother], because the Department has made reasonable efforts to assist the parents in making a lasting adjustment in their conduct or circumstances, but, despite these efforts, the parents have made no change in their conduct or lifestyle. The

Department has reached out and informed [Mother] about what she needs to address and how to do it. The Department has assisted [Mother] with resources to address the issues in the permanency plan. Thus, the Court finds that this factor weighs in favor of terminating [Mother's] parental rights.

33. The Court finds that the best interest factor contained in T.C.A. § 36-1-113(i)(1)(M) does not weigh in favor of termination.

34. The Court finds that the best interest factor contained in T.C.A. § 36-1-113(i)(1)(N) is applicable in this matter. Thus, the Court finds that it is in the children's best interest for termination to be granted as to [Mother], because [Mother] has shown brutality or physical, sexual, emotional, or psychological abuse or neglect toward the child, Anthony [] Jr. [Mother's] severe child abuse order was filed as Exhibit 5 in this matter. Thus, the Court finds that this factor weighs in favor of terminating [Mother's] parental rights.

35. The Court finds that the best interest factor contained in T.C.A. § 36-1-113(i)(1)(0) does not weigh in favor of termination.

36. The Court finds that the best interest factor contained in T.C.A. § 36-1-113(i)(1)(P) does not weigh in favor of, or against, termination. The Court did not make specific findings regarding this best interest factor.

37. The Court finds that it lacks sufficient information to address the best interest factor contained in T.C.A. § 36-1-113(i)(1)(Q).

38. The Court finds that the best interest factor contained in T.C.A. § 36-1-113(i)(1)(R) does not weigh in favor of termination.

39. The Court finds that the best interest factor contained in T.C.A. § 36-1-113(i)(1)(S) is applicable in this matter. Thus, the Court finds that it is in the children's best interest for termination to be granted as to [Mother], because the parents have failed to consistently provide more than token financial support for the children. [Mother] has not paid child support. Thus, the Court finds that this factor weighs in favor of terminating [Mother's] parental rights.

40. The Court finds that the best interest factor contained in T.C.A. § 36-1-113(i)(1)(T) is applicable in this matter. Thus, the Court finds that it is in the children's best interest for termination to be granted as to [Mother], because the mental or emotional fitness of the parents would be detrimental to the children or prevent the parent from consistently and effectively providing safe and stable care and supervision of the child. [Mother's] mental and emotional fitness has been detrimental in the past and the Court does not know how much it may or may not have improved. Thus, the Court finds that this factor weighs in favor of terminating [Mother's] parental rights.

Initially, we point out that the trial court stated that the following eight factors did not weigh in favor of termination: (D), (E), (F), (G), (J), (M), (O), and (R). The trial court, however, made no factual findings to support this determination, leaving it unclear whether

the court meant that these eight factors were neutral or weighed against termination. Under Tenn. Code Ann. § 36-1-113(i)(3), a court must identify all the factors it considered "to be applicable to a particular case" and must support those applicable factors with "specific findings of fact in the court's written order." Nothing in the statute provides that the only factors that should be considered applicable to a case are those that a court finds weigh in favor of termination. Indeed, to make such a conclusion presumes that termination of a parent's rights is always in the best interest of the child, which contradicts the well-settled law in this state that "terminating an unfit parent's parental rights is not always in the child's best interests." *In re Audrey S.*, 182 S.W.3d at 877. Thus, a court must make specific findings of fact to support all applicable factors, not just for those it finds weigh in favor of termination. If these eight factors do not weigh in favor of termination, they apply, and the court must make specific findings of fact to support why they do not favor termination.

As for the remaining factors identified in the trial court's order and expressly found "applicable in this matter" because they weigh in favor of termination, several are not supported by factual findings; instead, the trial court provided only conclusory statements. For example, the court stated that factor (A) (the effect termination would have on the children's critical need for stability and continuity) and factor (B) (the effect a change of caretakers could have on the children's emotional, psychological, and medical condition) both favored termination because "the children are placed in a legal risk home and have a critical need for stability and continuity of placement" and because "[t]he children need the permanency and guarantee of the home they are in." These statements do nothing more than restate the language of the factors. Furthermore, nowhere else in the trial court's order does the court make any factual findings that support these statements.[7] An example of sufficient factual findings to support these factors can be found in *In re Lucas S.*, No. M2024-00611-COA-R3-PT, 2025 WL 2146808, at *8 (Tenn. Ct. App. July 29, 2025), where the trial court found that these factors favored termination because the children could "not easily form attachment and [are] wary" and because they "struggled with transitions, anxiety, and emotional dysregulation."

Because the trial court's best interest analysis is insufficient, we must vacate this portion of the order and remand the case for the trial court to enter sufficient factual findings and conclusions of law for its best interest analysis.

---

[7] This Court has recently held that, to satisfy the requirement to make factual findings supporting the application of a best interest factor, "'a trial court is not required to restate the relevant factual findings within the discussion of each and every ground and best interest factor to comply with section 113(k) so long as the order contains sufficient findings to explain and support the trial court's conclusions, allowing for meaningful review of the trial court's decision.'" *In re Bradford H.*, No. M2024-01432-COA-R3-PT, 2025 WL 2413174, at *21 n.6 (Tenn. Ct. App. Aug. 21, 2025) (quoting *In re Jaxon N.*, No. E2024-01405-COA-R3-PT, 2025 WL 1250586, at *11 (Tenn. Ct. App. Apr. 30, 2025)). The order in this case, as a whole, contains insufficient findings to allow for meaningful review of the trial court's decision that termination of Mother's parental rights was in the children's best interest.

CONCLUSION

The judgment of the trial court is affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion. Costs of this appeal are assessed against the appellant, Ty'Angela M., for which execution may issue if necessary.


/s/ Andy D. Bennett
ANDY D. BENNETT, JUDGE